UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RICK WHITE,<br><br>Defendant. | NO. CV-05-5067-RHW<br><br>**ORDER DIRECTING ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION, AND CLOSING FILE** |

Before the Court is the parties' Stipulation to Judgment and Permanent Injunction (Ct. Rec. 5). The parties stipulate that the Court may enter a final Judgment and Permanent Injunction in favor of Plaintiffs and against Defendant without further notice or appearance by the parties.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the internet or an on-line media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION, AND CLOSING FILE ~ 1**

U.S.C. § 501.  Without admitting or denying liability, Defendant has not contested Plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

      2.  Defendant shall pay to Plaintiffs in settlement of this action the sum of $8715.00.

      3.  Defendant shall pay Plaintiffs' costs of suit (Complaint filing fee and Service of Process fee) in the amount of $285.00.

      4.  Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

          a. using the internet or any on-line media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

          b. causing, authorizing, permitting, or facilitating any third party to access the internet or any on-line media distribution system through the use of an internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

      5.  Defendant shall also destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or

controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

6. Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

7. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

8. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

9. Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

10. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

11. The District Court Executive is directed to enter Judgment in the amount of $9,000.00 ($8715.00 in settlement; $285.00 in costs) in favor of Plaintiffs and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to counsel, and close the file.

**DATED** this 17th day of January, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION, AND CLOSING FILE ~ 3**